## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MARK HEWARD and BELINDA HEWARD,** * <br> **as Parents and Next Friends of K.H., a minor** * <br> 610 Robinson Station Rd. * <br> Severna Park, MD 21146 * <br>   * <br> **Plaintiff,** * <br>   * <br> v. * <br>   * <br> **BOARD OF EDUCATION** * <br> **OF ANNE ARUNDEL COUNTY** * <br> 2644 Riva Road * <br> Annapolis, MD 21401 * <br>     **SERVE:** * <br>     Joanna Bache Tobin * <br>     President Board of Education * <br>     2644 Riva Road * <br>     Annapolis, MD 21401 * <br>   * <br> **Defendant.** * | Civ. No. 1:22-cv-00750 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Mark Heward and Belinda Heward, as parents and next friends of K.H., a minor, (hereinafter, "Plaintiff") by and through counsel, Cole J. Sullivan, and The Valente Law Group, and files this Complaint, and for reasons therefore, states as follows:

### INTRODUCTION

1. This First Amendment and negligence case arises out of the Anne Arundel County School District's suspension of a freshman high school student from school as punishment for a single post on Snapchat (which was created, posted and shared outside of school grounds, and on her own time during non-school hours) that school officials believed was "offensive" and "biased." Plaintiff seeks injunctive relief and damages.

## JURISDICTION AND VENUE

2. This action seeks to vindicate rights protected by the First and Fourteenth Amendments to the U.S. Constitution, and is brought under 42 U.S.C § 1983. This Court has jurisdiction over this civil rights action under 28 U.S.C. §§ 1331 and 1343. This Court also has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to declare the rights of parties and to grant all further relief found necessary and proper.

3. Venue is proper in the District of Maryland pursuant to 28 U.S.C. § 1391(a) because the Defendant is subject to personal jurisdiction within the District of Maryland and the events that give rise to this action occurred within the District of Maryland, specifically, Anne Arundel County.

## PARTIES

4. K.H. is a fourteen-year-old student (thirteen at the time of the incident) in the Anne Arundel County School District, specifically, Severna Park High School. K.H. lives with her parents in Severna Park, Maryland.

5. Mark Heward and Belinda Heward are K.H.'s parents. Mark Heward and Belinda Heward bring this action on behalf of their minor daughter, K.H.

6. Defendant The Board of Education of Anne Arundel County ("Defendant Board") is a body politic of the State of Maryland, and at all times relevant hereto operated Severna Park High School for and on behalf of the citizens of Anne Arundel County, Maryland. Defendant Board maintains its administrative offices at 2644 Riva Rd., Annapolis, MD 21401.

## FACTS

7. K.H. is a ninth-grade student at Severna Park High School.

8. K.H. is originally from Great Britain and recently became a student in America,

specifically at Severna Park High School in Anne Arundel County.

9. Paige Chang (Assistant Principal at Severna Park High School), Patrick Bathras (Principal at Severna Park High School), and Janine Robinson (Regional Assistant Superintendent for Glen Burnie and Severna Park) are all employees, agents, and/or servants of Defendant Board.

### *Anne Arundel County Public School Student Handbook*

10. The Anne Arundel County Public School Student Handbook (the "Handbook") states, on Page 29, bias behavior as: "Bullying and cyberbullying, harassment and intimidation, hazing, and bias behavior and language- **intentional conduct**, including verbal, physical, graphic or written conduct or an **intentional** electronic communication that creates a hostile education environment by substantially interfering with a student's educational benefits, opportunities, or performance, or with a student's physical or psychological wellbeing."[1]

11. Upon information and belief, the Handbook was approved or ratified by Defendant Board.

### *K.H.'s Snapchat Post*

12. On or about Saturday, October 16, 2021, K.H. sent a photo via Snapchat (a popular social media platform) privately to a small group of her friends, featuring a photo of K.H. with her face covered in gold paint while she held up the "rock out" sign with her free hand (hereinafter, the "Gold-Face Snap"). There was no text or context sent with this Gold-Face Snap. A photo depicting the color of the face paint K.H. applied is attached hereto and incorporated herein by reference as Exhibit "A."

13. K.H. bought the gold face paint depicted in the Gold-Face Snap since the school colors for Severna Park High School are blue and gold. She previously used the gold face paint

---

[1] P. 29, **Emphasis Added** – The Student Handbook for Anne Arundel County Public Schools can be found at https://www.aacps.org/studenthandbook

for school events such Spirit Day and a Pep Rally without issue.

14. K.H. created and posted the Gold-Face Snap using her own personal phone.

15. The Gold-Face Snap did not mention the Board, K.H.'s school, any specific person or group of persons, and did not feature any school logo or school paraphernalia.

16. K.H. took the Gold-Face Snap at her house on the weekend when K.H. was not participating in any school activities. Prior to taking the Gold-Face Snap, she was applying the gold face paint while on Facetime with another student at Severna Park High School.

17. K.H. shared the Gold-Face Snap only with her Snapchat friends in a private group chat. It was not accessible to the general public.

18. Snapchat deletes Snaps from the platform after 24 hours, so the Gold-Face Snap disappeared from Snapchat the next day, which was Sunday, October 17, 2021.

19. K.H. did not access or share the Gold-Face Snap at school.

20. K.H. used no school resources to create the Gold-Face Snap.

21. K.H. used no school time to create the Gold-Face Snap.

22. Though K.H. sent the chat to a private group, someone from the group took a screenshot of the Gold-Face Snap and shared it with other students outside of K.H.'s friend group without Kirra's knowledge, permission, intent and/or consent.

### *K.H.'s Suspension from School*

23. On or about Monday, October 18, 2021, the Gold-Face Snap was brought to the attention of school officials who worked for Defendant Board. Although inaccurate, the student(s) who brought the Gold-Face Snap to the attention of Defendant Board claimed it was a picture of K.H. in "brown face" and/or "black face."

24. An investigation was opened into the Gold-Face Snap and K.H.'s behavior.

25. Agents for Defendant Board then pulled K.H. out of class to question her about the contents of her Gold-Face Snap. K.H. told Defendant Board that the Gold-Face Snap was taken with **gold** face paint and had absolutely zero intention to offend anyone. There was no racial biases or intent behind the taking of the photo, as it was the color gold, which is Severna Park High School's School Color (in addition to blue and white). The friend K.H. was Facetiming with at the time the gold face paint was applied confirmed this fact and that K.H. and her were just messing around with their makeup.

26. The Gold-Face Snap that was sent to her friends was taken and sent during the weekend, it was taken off of school grounds and outside of school time, was not taken with school property, and most importantly, K.H.'s face was gold, not the color of any underprivileged or discriminated race of people that exist in this world, K.H. was irrationally and negligently suspended from school for displaying "intentional" bias.

27. At the time of K.H.'s improper suspension from school for painting her face gold, Defendant Board had no plan in place to protect K.H. from cyberbullying, in-person bullying, excommunication from student groups, and her reintegration into the student body. Instead of clarifying the Gold-Face Snap to any student(s) who could have improperly inferred a racial motive behind the Gold-Face Snap and informing them that the color gold was used with no racial motive, Defendant Board "rubber stamped" the complaint against K.H. without regard for K.H.'s safety, well-being, the truth of the circumstances, and a plan for her successful re-entry into Severna Park High School.

*Repeated Requests to Revise Suspension*

28. K.H and her father, Mark Heward, made repeated requests that Defendant Board reconsider the terms of K.H.'s suspension, initiating conversations with the Principal, Assistant

Principal, and the Regional Assistant Superintendent for Glen Burnie and Severna Park High School (as identified above, Paige Chang, Patrick Bathras, and Janine Robinson).

29. After reiterating multiple times that the color on his daughter's face was gold and not brown, and that his daughter did not intend to offend anyone with her playful Gold-Face Snap, Defendant Board held firm to its decision to suspend K.H for school and add a note regarding the incident to her permanent personnel file.

30. Upon returning to school, K.H. was required to participate in the Bias Behavior Program. This requirement by Defendant Board gave the impression to students and others that K.H.'s behavior was biased towards a racial class and/or intending to cause offense to a certain group of people.

31. Defendant Board failed to recognize that their negligent and irrational decisions would have a devastating negative impact on K.H.'s relationship with other students and subject her to cyber and in-person bullying.

32. Additionally, although Defendant Board has no evidence to suggest that K.H.'s actions constitute "intentional conduct" for biased behavior (to the contrary, they have direct evidence that any perceived issue with the Gold-Face Snap was not intentional), Defendant Board still cites that language in the Handbook as its basis for implementing K.H.'s suspension from school.

### *Harm to K.H.*

33. Though Defendant Board, by and through its agents, servants, and/or employees, informed K.H. and Mark Heward, "It is also not your or [K.H.]'s determination of what is to be perceived by the students of color regarding what they find offensive," the school invalidated K.H.'s feelings regarding her intentions to paint her face gold, disagreeing when K.H. reiterated

that she did not mean offense and nothing was intentional.

34. By Defendant Board "rubber stamping" this baseless complaint made by a student(s), Defendant Board labeled K.H. a racist and further fostered the perception to students of Severna Park that K.H. had engaged in racially insensitive behavior. After Defendant Board's suspension of K.H., K.H. was subjected to cyberbullying, in-person bullying, and exclusion from her friend groups.

35. Despite the emotional trauma suffered by K.H. caused by Defendant's Board decision regarding the Gold-Face Snap, Defendant Board failed to see the irony of the apparent intentions of the subsequent snaps, posts, and memes created by her fellow students toward K.H. with actual intention to offend and harm K.H.. Now that K.H. was being threatened, labeled as a racist, and routinely bullied daily, Defendant Board took no proper action to ensure the safety of K.H. and extend her services to reintegrate her successfully into the student body.

36. Due to Defendant Board's actions, the cyber bullying caused by this incident toward K.H. has had a negative impact on her emotionally and psychologically, as she is now considered to be an outcast at school and has lost nearly all of friends during this process.

37. When K.H. sought help from Defendant Board to address her bullying, emotion damage, and reintegration into school, her school guidance counselor told K.H. that they can't help her. Defendant Board specifically told Mark Heward, that the school does not have any trained personnel to deliver the counseling or peer review processes defined in the Handbook.

38. Being a teenager in high school is stressful enough without the negative psychological effects caused by bullying which can include depression, anxiety, and long-term damage to self-esteem. Victims of bullying, cyber or otherwise, are even at a greater risk of

suicidal behavior.[2]

39.     Other than being bullied, this suspension based on a Gold-Face Snap that was created during non-school hours, on non-school property, will have a negative effect on her future college application process as colleges look through previous school transcripts looking for discrepancies such as suspensions or negative behavior exhibited by the applicant.

40.     K.H. and Mark Heward have repeatedly asked that this suspension and adverse report be taken off her record at Severna Park High School, but Defendant Board has declined to remove this incident from K.H.'s official record/transcript.  K.H. and Mark Heward have gone through the appeals process regarding this decision and taken the matter all the way up to Janine Robinson, Regional Assistant Superintendent, but has had no success in rectifying this improper mark on K.H.'s permanent school record.

41.     This suspension based on the grounds of K.H.'s alleged intentional "bias" behavior, impairs her opportunity to go to a college of her choice, as college admission offices are sure to see this improper mark against her character as grounds for non-admission.

42.     Additionally, in June of 2021, the Supreme Court of the United States held that this type of behavior from Defendant Board is completely improper and is a violation of a student's first amendment rights.  In an 8-1 decision, these improper suspensions/actions by school boards, such as Defendant Board in this case, have been found to violate student's first amendment rights. See *Mahanoy Area Sch. Dist.* v. *B.L.*, 141 S. Ct. 2038 (2021).

43.     The facts of this instant matter are virtually identical to the facts in the *Machanoy Area Sch. Dist.* case, as the Gold-Face Snap appeared outside of school hours, was sent from a location outside of school, did not identify the school in any posts, did not target a member of the

---

[2] One of many articles on this issue: https://bestdaypsych.com/the-effects-of-bullying-on-mental-health/

school community, was taken with a personal cellphone, and was sent to an audience consisting of her private circle of Snapchat friends. *Id.* at 2047.

44. Defendant Board was not allowed to regulate K.H.'s actions, as Defendant Board was not acting *in loco parentis*, the Gold-Face Snap was not uttered during school assembly on school grounds, the Gold-Face Snap was not uttered during a class trip or promoted illegal drug use, and could not be perceived as "bearing the imprimatur of the school." *Id.* at 2045.

45. Defendant Board acted recklessly and/or with malice in this incident, as, in addition to their other actions outlined in this Complaint, their improper acts took place nearly four (4) months after the *Machanoy Area Sch. Dist.* case was published, covered by news outlets, and was well-integrated into American case law by the highest court in our Country. Yet, even after knowing (or Defendant Board reasonably should have known) of the Supreme Court's ruling in an exactly similarly situated case such as this, Defendant Board still suspended K.H. and refused (and are still continuing to refuse to this day) to remedy their error.

## CLAIMS / COUNTS

### Count 1
***(Defendant Board's Punishment of Plaintiff Violates the First Amendment to the U.S. Constitution and 42 U.S.C. § 1983)***

46. Plaintiff repeats and reaffirms each and every allegation contained in paragraphs 1 through 45 of this Complaint.

47. Defendant Board's suspension of K.H. for her out-of-school Gold-Face Snap violates the First Amendment to the U.S. Constitution, as applied to the states through the Fourteenth Amendment. Defendant Board acted under the color of state law and deprived K.H. of a federal constitutional right.

48. Defendant Board acted with recklessness, malice and/or deceit in the instant action.

49. That as a direct and proximate result of the Defendant Board's violation, Plaintiff has suffered, and will continue to suffer in the future, great suffering, mental anguish, reputational damage, out-of-pocket losses; past and future medical expenses; personal humiliation; psychological injuries; lost and/or diminished earnings (in part, because now she, more likely than not, will not be admitted into a reputable college while suspension remains in her file), and other economic and non-economic damages recoverable under the law.

WHEREFORE Plaintiff, Mark Heward and Belinda Heward, as parents and next friends of K.H., a minor, prays for judgment against Defendant, The Board of Education of Anne Arundel County, and respectfully requests that this Court provide the following relief:

a. Declare that Defendant Board's disciplinary action against K.H. for her out-of-school Gold-Face Snap violated K.H.'s right under the First and Fourteenth Amendments to the U.S. Constitution;

b. Enjoin Defendant Board from any continuing punishment or sanction against K.H. on account of her constitutionally protected speech, including (1) mandating that Defendant Board expunge from K.H.'s records all references to the incident in question; (2) printing/publishing an apology and clarification to the students of the school to clear K.H.'s name and family's name of any wrongdoing; (3) ensuring that all references to the incident in question are not transferred to, or are removed from, any other schools to which K.H. may transfer; and (4) other injunctive relief to be requested as discovery develops.

c. Award Plaintiff compensatory damages in the form of out-of-pocket losses, past and future medical expenses; impairment of reputation, personal humiliation, lost or diminished earning capacity, financial and psychological injuries[3] caused by the wrongful conduct, in

---

[3] *Carey v. Piphus*, 435 U.S. 247, 264 (1978) (mental and emotional distress constitute compensable injury in §1983 cases); see also *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974); *Memphis Cmty. Sch. Dist. v. Stachura*, 477

addition to all other economic and non-economic damages as allowed by law, in an amount of Four-Hundred Thousand Dollars ($400,000.00), plus interest and costs;

d. Award Plaintiff Punitive Damages, as Defendant Board acted with recklessness, malice and/or deceit in the instant action, in an amount of Four-Million Dollars ($4,000,000.00);

e. Award Plaintiff costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

f. Grant such other relief as this Court deems just and appropriate.

## Count II
### (*Negligence*)

50. Plaintiff repeats and reaffirms each and every allegation contained in paragraphs 1 through 49 of this Complaint.

51. That at all time relevant herein, Defendant Board, through its agents, servants, and/or employees, had duty to perform a reasonable investigation into any allegations against K.H.; properly follow and interpret Defendant Board's Student Handbook; act with reasonable care and handle the aforementioned incident as someone using reasonable care would do; employee properly trained staff to deal with situations such as K.H.'s; properly train existing staff to handle and implement solutions to situations such as K.H.'s; protect K.H. from backlash surrounding Defendant's Board's decision; implement a plan and/or offer resources for K.H. to ensure her successful reintegration into the student body; take into account the repercussions of suspending a 13-year old child for painting her face gold and labeling her as a racially insensitive individual; see that all students are treated equally; not be unduly pressured into making improper decisions and suspensions based on a complainant's race/ethnicity; ensure that unsafe and dangerous conduct of its students is addressed in a timely manner; ensure that any cyberbullying

---

U.S. 299, 307 (1986); *Akouri v. Fla. Dept. of Transp.*, 408 F.3d 1338, 1345 (11th Cir. 2005); *Randall v. Prince George's County*, 302 F.3d 188, 208 (4th Cir. 2002); *Coleman v. Rahija*, 114 F.3d 778, 786 (8th Cir. 1997).

and in-person bullying of K.H. by its students is addressed in a timely manner; to properly inform students of the facts surrounding the Gold-Face Snap incident; not "rubber stamp" complaints without investigating the facts behind the complaints with reasonable care and/or diligence; provide a safe environment for all its students at Severna Park High School, specifically, to K.H.; protect K.H. from harm while at Severna Park High School; to treat K.H. in a manner which didn't violate her constitutional rights; to treat her consistent will all federal and state laws; and otherwise act in a non-negligent manner.

52. That at all time relevant herein, Defendant Board, through its agents, servants, and/or employees, breached their aforementioned duties by failing to perform a reasonable investigation into any allegations against K.H.; failing to properly follow and interpret Defendant Board's Student Handbook; failing to act with reasonable care and handle the aforementioned incident as someone using reasonable care would do; failing to employee properly trained staff to deal with situations such as K.H.'s; failing to properly train existing staff to handle and implement solutions to situations such as K.H.'s; failing to protect K.H. from backlash surrounding Defendant's Board's decision; failing to implement a plan and/or offer resources for K.H. to ensure her successful reintegration into the student body; failing to take into account the repercussions of suspending a 13-year old child for painting her face gold and labeling her as a racially insensitive individual; failing to see that all students are treated equally; failing to not be unduly pressured into making improper decisions and suspensions based on a complainant's race/ethnicity; failing to ensure that unsafe and dangerous conduct of its students is addressed in a timely manner; failing to ensure that any cyberbullying and in-person bullying of K.H. by its students is addressed in a timely manner; failing to properly inform students of the facts surrounding the Gold-Face Snap incident; failing to not "rubber stamp" complaints without investigating the facts behind the

complaints with reasonable care and/or diligence; failing to provide a safe environment for all its students at Severna Park High School, specifically, to K.H.; failing to protect K.H. from harm while at Severna Park High School; failing to treat K.H. in a manner which didn't violate her constitutional rights; failing to treat her consistent will all federal and state laws; and failing to otherwise act in a non-negligent manner.

53. That as a direct and proximate result of the negligence of Defendant Board, Plaintiff has suffered, and will continue to suffer in the future, great suffering, mental anguish, reputational damage, out-of-pocket losses; past and future medical expenses, personal humiliation; psychological injuries; lost and/or diminished earnings (in part, because now she, more likely than not, will not be admitted into a reputable college while suspension remains in her file), and other non-economic damages recoverable under the law.

54. That at no time relevant hereto was the Plaintiff contributorily negligent nor did Plaintiff assume the risk.

WHEREFORE Plaintiff, Mark Heward and Belinda Heward, as parents and next friends of K.H., a minor, prays for judgment against Defendant, The Board of Education of Anne Arundel County, for all compensatory damages in the form of out-of-pocket losses, impairment of reputation, personal humiliation, past and future medical expenses, lost or diminished earning capacity, financial and psychological injuries, in addition to all other economic and non-economic damages as allowed by law, in an amount of Four-Hundred Thousand Dollars ($400,000.00), plus interest and costs of the suit, and grant such other relief as this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Mark Heward and Belinda Heward, as parents and next friends of K.H., a minor, demands a trial by jury in the above-captioned matter on all issues so triable.

Respectfully submitted,

THE VALENTE LAW GROUP

*/s/Cole J. Sullivan*
Cole J. Sullivan, Esq.
Federal Bar No. 21011
2200 Defense Highway, Suite 304
Crofton, Maryland 21114
(410) 451 1777
csullivan@jpvlawgroup.com
Counsel for Plaintiff